**CARMEN S. PANGELINAN, Petitioner**

v.

**JOAQUIN A. PANGELINAN, Respondent**

Domestic No. 419-74

Superior Court of Guam

November 4, 1976

ABBATE, *Judge*

### DECISION

Petitioner married Respondent in Saipan May 20, 1965, and four (4) children were born in wedlock. Petitioner filed a 23 September, 1974, complaint in the High Court of the Trust Territory of the Pacific Islands to compel Respondent to pay support and alleging desertion commencing June 17, 1974. Respondent resides not in the Trust Territories, but in Guam, according to sworn allegations of Petitioner, who now asks the Superior Court of Guam to take jurisdiction over this case under Guam Civil Code I Section 1500 et seq. and to compel Respondent to pay $250.00 per month support for dependents.

This Court could not possibly feel greater compassion

for Petitioner's position or sympathy for Petitioner's public policy arguments. Indeed, we want to discourage estranged fathers escaping support obligations by fleeing from a Trust Territory to Guam. On Guam this Court has consistently dealt harshly with fathers in non-compliance with child support orders. Certainly reciprocity is the key to a system wherein Guam support orders will be mutually respected and enforced in the Trust Territories.

Therefore, it is with sorrow and regret that this Court must deny Petitioner jurisdiction over Respondent under Guam Civil Code Section 1500 et seq. which applies only to sovereignties of the United States. The United Nations assigned the Trust Territories to the United States as trustee, not as sovereign. Although remedial acts are usually construed liberally, this Court cannot stretch the meaning of Section 1501(a) to cover this case. There is authority (*Callas v. U.S.*, 253 F.2d 838 (1958); *Brunnell v. U.S.*, 77 F.Supp. 68 (S.D.N.Y. 1948)) for considering Trust Territories more akin to "foreign countries" than sovereignties vis a vis the United States.

The version of the Uniform Reciprocal Enforcement of Support Act (URESA) enacted in Guam in 1954 provides for enforcement of support decrees of other states, defining "state" as:

Any state, territory, or possession of the United States and the District of Columbia in which this or a substantially similar reciprocal law has been enacted.

At present, then, Trust Territory support orders cannot be enforced in Guam Courts under URESA because the former are neither territories nor possessions of the United States. The future will likely see closer ties between the Trust Territories and Guam as each enacts a new constitution drafted with sensitivity to the need for cooperation and legal reciprocity. The world has changed since 1954 and we are hopeful the Fourteenth Guam

374

Legislature will see the urgency of an amendment in URESA to include the Trust Territories, but it would be a judicial encroachment upon Guam Legislative prerogative for this Court to rule today in a manner inconsistent with the present law. The Guam Legislature chose not to include the Trust Territories when in 1954 URESA was enacted, nor has any Guam Legislature since then chosen to amend that statute, although it could easily have done so with clear express language like that contained in the Trust Territory URESA, 39 T.T.C. § 301 et seq. (Supp. 1973). Therefore, this Court is without justification for extending Guam's URESA beyond the sovereign jurisdiction of the United States.